United States District Court
Southern District of Texas
**ENTERED**
May 23, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONALD WAYNE HEROD, § § *Plaintiff*, § § v. § § TEXAS COURT OF CRIMINAL § APPEALS, *et al.*, § § *Defendants*. § | Civil Action No. H-22-1589 |

## ORDER OF DISMISSAL

Plaintiff, a state prisoner proceeding *pro se* and impliedly seeking leave to proceed *in forma pauperis*, filed a "Petition for Review Under Bona Fide and Coram Nobis Under Non Obstante Verdicto, Inter Alia." The pleading was docketed as a complaint brought under 42 U.S.C. § 1983.

The complaint references plaintiff's various state and federal court cases and appeals regarding his 2008 Harris County conviction and fifty-year sentence for felony driving while intoxicated. Plaintiff names as defendants the U.S. District Court for the Southern District of Texas, the Texas Court of Criminal Appeals, and the Fifth Circuit Court of Appeals. Plaintiff appears to seek monetary compensation and release from prison based on allegedly unlawful actions taken by various state and federal courts.[1] Although the pleading's caption

---

[1] Plaintiff filed this same pleading in the Fifth Circuit Court of Appeals on May 19, 2022. Although the pleading was docketed, plaintiff was advised that no action would be taken because "we are unable to determine the relief sought." *Herod v. Powell*, No. 20-40162 (5th Cir.).

and content suggest it was intended for filing as an original proceeding in the United States Supreme Court, it must be given the benefit of liberal construction afforded all *pro se* litigants.

To the extent the pleading can be construed as a civil complaint brought under section 1983, the Court notes that plaintiff is a three-strikes prisoner who is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*. *See Herod v. Powell*, No. 20-40162 (5th Cir. May 3, 2021) (listing plaintiff's prior strikes). Plaintiff does not allege, much less demonstrate, that he was in imminent danger of serious physical injury at the time he filed the instant lawsuit, and he may not proceed *in forma pauperis*. Plaintiff has not paid the $402.00 filing fee for this action, and the case must be dismissed under section 1915(g).

Because plaintiff seeks release from prison as well as monetary compensation, his claims might sound in habeas. However, plaintiff cannot pursue habeas relief directly against the judicial entities named in this action, nor does this Court have jurisdiction to review actions taken by the Fifth Circuit Court of Appeals. Consequently, the Court declines to construe plaintiff's lawsuit as one brought under 28 U.S.C. §§ 2241 or 2254. The Court further declines to construe the pleading as a petition for writ of error coram nobis, as plaintiff remains in custody and the Court lacks jurisdiction. *See Sinclair v. State of Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (per curiam) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments."); *Blake*

*v. Florida*, 395 F.2d 758, 759 (5th Cir. 1968) (per curiam) (concluding writ of coram nobis must be filed with the convicting court).

For the above reasons, this lawsuit is **DISMISSED WITHOUT PREJUDICE**. All pending motions are **DENIED**.

Signed at Houston, Texas, on this the 26th day of May, 2022.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE